FILED
United States Court of Appeals
Tenth Circuit

December 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

XUNSHENG LI,

       Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

       Respondent.

No. 08-9513
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges

---

Xunsheng Li is a native and citizen of the People's Republic of China now

living in the United States. Mr. Li entered this country in April 1998 without

inspection and filed a timely asylum application one month later. He claims he

will be persecuted on account of his political opinion regarding China's one-child

policy if he is returned to China. He seeks review of a decision by a single

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

member of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an immigration judge (IJ) of his application for asylum and restriction on removal under the Immigration and Nationality Act (INA).[1]  In denying relief, the IJ determined that Mr. Li lacked credibility.  Mr. Li argues that this finding is unsupported by reasonable, substantial, and probative evidence, that the inconsistencies identified by the IJ and the BIA do not exist, and that neither the IJ nor the BIA provided cogent reasons for disbelieving Mr. Li.  We disagree and affirm.

In adopting and affirming the IJ's decision, the BIA did not find the IJ's factual findings to be clearly erroneous.  In so doing, the BIA expressly disagreed with Mr. Li's contention that the record was free of discrepancies, referenced the inconsistencies regarding when Mr. Li allegedly learned about his wife's treatment by Chinese family-planning authorities, and further noted that certain documentary evidence from Mr. Li's wife conflicted with certificates in the record.  Admin. R., Vol. I at 2.

We review the BIA's decision as the final order of removal but "consult the IJ's opinion to the extent the BIA relied upon or incorporated it."  *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007).  "[O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative

---

[1]    Mr. Li has withdrawn his application for relief under the Convention Against Torture.

evidence considering the record as a whole." *Ismaiel v. Mukasey*, 516 F.3d 1198, 1205 (10th Cir. 2008) (quotation omitted). Credibility findings are among those determinations "subject to the substantial evidence test." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We will sustain an adverse credibility finding as long as the IJ has given specific, cogent reasons for disbelieving an applicant's testimony. *Ismaiel*, 516 F.3d at 1205. "The agency's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1204 (quotation omitted).

To obtain asylum, Mr. Li had to prove he is a refugee. *See Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004). Under these facts, Mr. Li had to show that he was unable or unwilling to return to China or to avail himself of China's protection because he had been persecuted, or was afraid he would be persecuted, due to his political opinion regarding China's one-child policy. *See id*. Mr. Li had three options. He could demonstrate: a well-founded fear of future persecution, past persecution that would give rise to that well-founded fear, or past persecution so extreme that he would qualify for humanitarian asylum. *Id.* at 1232-33. After establishing refugee status, Mr. Li would then need to rely on the Attorney General's discretion as to whether to grant him asylum. *Id.* at 1233.

Mr. Li first applied for asylum in May 1998. In his application he described the evils that had befallen his grandfather and his father at the hands of

the Chinese government.  Admin. R., Vol. III at 1146.  He further described an incident in which he had come into conflict with local population-control authorities who were investigating his brother for apparent noncompliance with China's one-child policy.  *Id.*  During that confrontation, Mr. Li "unwittingly" injured one of the population-control officers.  *Id.*  Thereafter, despite being married and the father of two children, Mr. Li left his home and fled to Xiamen City.  He "wandered here and there," got a job on a fishing boat, and eventually arrived in Guam in April 1998.  *Id.*  Approximately a month later, with the help of an attorney, Mr. Li applied for asylum.

Although he now maintains that his opposition to China's population-control policies establishes his refugee status, there is no mention in Mr. Li's 1998 application of any problem involving his wife and the Chinese family-planning authorities, a fact central to his eventual claim.  It was not until January 1999 that Mr. Li supplemented his application with an additional affidavit where, for the first time, he described a forced late-term abortion and sterilization of his wife, which he maintained occurred after he had taken the job on the fishing boat.  *Id.* Vol. I at 310.  His affidavit also stated that, because his wife was unable to deliver Mr. Li to state authorities, she was jailed for a week and eventually fled with her children into hiding at her parents' home.

As mentioned, the IJ found that Mr. Li lacked credibility.  The major reason for that determination was the numerous contradictions, which we have

verified, among the facts stated in Mr. Li's application, his supplemental affidavits, and his testimony. Specifically, because Mr. Li's application made no mention of his wife's forced abortion and sterilization, Mr. Li was asked at the hearing to explain this discrepancy. He testified that when he submitted his application, in 1998, he did not know about his wife's February 1997 forced abortion and sterilization, even though he had spoken to her on the telephone at least once after she underwent the procedures. *Id.* at 153, 200, 208. According to Mr. Li, she withheld this information to protect him from worrying about her while he was engaged in his dangerous fishing job on the open sea. *Id.* at 170, 216.

The IJ found this testimony "unbelievable and implausible," given that, in his experience, other Chinese applicants who had endured forced late-term abortions and sterilization found it to be a "traumatic and emotional and devastating experience." *Id.* at 49-50. Further, the IJ did not believe that, even after Mr. Li was no longer at sea (during the month between the time he landed in Guam and the time he filed his application) his wife still failed to tell him what had happened to her, especially given Mr. Li's testimony that he called his wife whenever he got to Guam. *Id.* In summary, the IJ stated:

> The Court in this case believes that had the wife
> undergone an abortion in February of 1997 that this
> would have been one of the primary things on the wife's
> mind during the call from the harbor in 1997 of April
> and it certainly would have been communicated to the

> respondent sometime between April of 1998 and May of 1998.

*Id.* at 50.[2]  This finding is supported by substantial evidence in the record, and the IJ has given specific and cogent reasons for disbelieving Mr. Li's testimony in this regard.

The IJ also gave specific and cogent reasons for finding Mr. Li to have been less than credible about whether his wife had fled their home after the forced abortion and what her motive for such an action may have been.  *Id.* at 50-51. Mr. Li testified that his wife feared that the authorities would come to her home to search for him.  Yet by the time of her forced abortion, the IJ reasoned, Ms. Li knew that her husband was at sea and outside of the reach of the authorities. Again, the IJ has properly made and explained his credibility finding.

For his last point, Mr. Li argues that he should be afforded an opportunity to explain an inconsistency noted by the BIA.  This contention is without merit. Having been adjudged not credible by the IJ, Mr. Li was "on notice" to "explain all the inconsistencies in [his] testimony, not just the examples pointed to by the

---

[2]  Specifically with regard to the question of whether he knew about his wife's abortion when he filed his application, both the IJ and the BIA characterized that fact as at "the heart" of Mr. Li's claim.  Admin. R., Vol. I at 2, 50.  We note that, in a decision published since the BIA's affirmance, this circuit has refused to limit omissions in immigration matters for purposes of credibility findings to only those going to the "heart of an asylum claim."  *See Ismaiel v. Mukasey*, 516 F.3d 1198, 1205-06 (10th Cir. 2008) (quotation omitted).  In this circuit, "the significance of an omission must be determined by the context, and rigid rules cannot substitute for common sense."  *Id.*  at 1205.

IJ to provide a basis for his conclusion." *Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000).

The IJ gave specific and cogent reasons for disbelieving several aspects of Mr. Li's testimony. His credibility findings are substantially reasonable and supported by probative evidence of record. *See Ismaiel*, 516 F.3d at 1205. The BIA's affirmance is similarly "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yuk*, 355 F.3d at 1233 (quotation omitted). Because Mr. Li has failed to sustain his burden of proof on his asylum claim, he cannot prevail under the more demanding standard for restriction on removal. *Id.* at 1236. We therefore DENY the petition for review and AFFIRM the BIA's dismissal of Mr. Li's appeal of the IJ's decision.

Entered for the Court

Jerome A. Holmes
Circuit Judge